1

2

3

4

5

6

7                   IN THE UNITED STATES DISTRICT COURT

8                     FOR THE DISTRICT OF OREGON

9

10  MEAD INVESTMENTS, INC.,        )
    an Oregon corporation,         )
11                                 )        No.  08-922-HU
                   Plaintiff,      )
12                                 )
         v.                        )        OPINION AND ORDER
13                                 )
    GARLIC JIM'S FRANCHISE         )
14  CORP., a Washington            )
    corporation; and GARLIC JIM'S  )
15  FAMOUS GOURMET PIZZA, INC.,    )
    a Washington corporation dba   )
16  GARLIC JIM'S FOOD &            )
    EQUIPMENT and dba THE          )
17  COMMISSARY,                    )
                                   )
18                   Defendants.   )
                                   )
19

20  Spencer C. Adams
    Parsons Farnell & Grein
21  1030 S.W. Morrison Street
    Portland, Oregon 97205
22
    James W. Denison
23  21550 Oxnard Street, Suite 300, PMB 81
    Woodland Hills, California 91367
24       Attorneys for plaintiff

25  Stephen G. Leatham
    John R. Potter
26  Heurlin, Potter, Jahn, Leatham & Holtmann
    P.O. Box 611
27

28  OPINION AND ORDER Page 1

1  211 E. McLoughlin Blvd., Suite 100
   Vancouver, Washington 98666
2      Attorneys for defendants

3  HUBEL, Magistrate Judge:

4      This is a diversity action brought by plaintiff Mead

5  Investments, Inc. (Mead), an Oregon corporation and a former

6  franchisee, against its former franchisor, defendants Garlic Jim's

7  Franchise Corp., Garlic Jim's Famous Gourmet Pizza (Garlic Jim's),

8  and Garlic Jim's Food & Equipment (the Commissary), all Washington

9  corporations. Mead seeks declaratory and injunctive relief to

10 establish its right to continue operating a pizza restaurant in the

11 same location as its former Garlic Jim's franchise, despite the

12 existence of a non-compete clause in the franchise agreement. Mead

13 contends that Garlic Jim's breached the agreement and violated

14 Washington's franchise statute and Oregon's franchise and unfair

15 competition statutes. Mead also seeks to have the court rescind the

16 agreement and declare its non-compete clause void.

17     Garlic Jim's moves to dismiss the complaint for improper venue

18 under Rule 12(b)(3) of the Federal Rules of Civil Procedure, based

19 on a forum selection clause in the franchise agreement, and to stay

20 the case pending arbitration in King County, Washington, based on

21 an arbitration clause in the franchise agreement.

22                         **Factual Background**

23     On January 23, 2007, Patrick and Margo Mead entered into a

24 Unit Franchise Agreement (UFA) with Garlic Jim's. Motion to

25 Dismiss, Exhibit A; Mead Declaration Exhibit 6. The UFA contains

26 the following provision:

27

28 OPINION AND ORDER Page 2

> Disputes. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in King County, State of Washington in accordance with the rules of the American Arbitration Association then pertaining, using AAA Arbitrators, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.
>
> This Agreement is for a franchise. Damages for breach thereof would be difficult, if not impossible to prove. The parties therefore agree that pending arbitration, this Agreement may be enforced in equity by specific performance and that all equitable remedies may be invoked including temporary or permanent injunctions. Upon issuance of an arbitration award, the award may be enforced by the entry of a judgment for damages or injunction as the award provides, in a court of competent jurisdiction.
>
> The unsuccessful party in any action, suit or arbitration hereunder shall be responsible for the prevailing party's reasonable attorney fees and costs as shall be fixed by the court, or courts, or arbitration panel before which the action, including any appeal therefrom, is tried, heard or decided.

Id. § 32.4. A separate provision of the UFA provides:

> Governing Law and Venue. This Agreement shall be deemed to have been made and entered into the State of Washington and all rights and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the State of Washington. Venue shall lie in the Superior Court of King County, State of Washington.

Id. § 32.11.

Garlic Jim's asserts in its Motion to Dismiss that arbitration proceedings were initiated before the AAA on August 5, 2008, and are now pending. See Garlic Jim's Amended Request for Judicial Notice, asking the court to take judicial notice under FRE 201(b) of a complaint filed in King County Washington, Garlic Jim's Franchise Int'l, Inc. v. Mead Investments, Inc., 08-2-26445-9 KNT,

OPINION AND ORDER Page 3

1  and Arbitration Demand filed in King County Washington, both
2  attached as exhibits to the Request for Judicial Notice.

3                              **Standard**

4      When a motion to enforce a forum selection clause is made
5  pursuant to Rule 12(b)(3), the pleadings need not be accepted as
6  true, Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th
7  Cir. 2004), and the court may consider facts outside the pleadings.
8  Id., citing Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th
9  Cir. 1996).

10     Before granting a stay of proceedings pending arbitration a
11 court must determine that "the issue involved" is "referable to
12 arbitration under such an agreement" and that "the applicant for
13 the stay is not in default in proceeding with such arbitration." 9
14 U.S.C. § 3; Sink v. Aden Enterprises, Inc., 352 F.3d 1197, 1200 (9th
15 Cir. 2003).

16     The traditional equitable criteria for granting preliminary
17 injunctive relief are: 1) a strong likelihood of success on the
18 merits; 2) the possibility of irreparable injury to the plaintiffs
19 if injunctive relief is not granted; 3) a balance of hardships
20 favoring the plaintiffs; and 4) advancement of the public interest.
21 Barahona-Gomez v. Reno, 167 F.3d 1228 (9th Cir. 1999). These
22 criteria represent a sliding scale: the required amount of
23 irreparable harm increases as the probability of success decreases;
24 the greater the degree of irreparable harm, the less probability of
25 success on the merits must be shown. See, e.g.,Hells Canyon
26 Preservation Council v. Jacoby, 9 F. Supp.2d 1216 (D. Or. 1998).

27

28 OPINION AND ORDER Page 4

**Discussion**

Defendants' motion to dismiss or stay is based on two arguments: first, that the UFA provides for a forum selection clause in King County, Washington, so that venue in this court is improper; and second, that the agreement provides for arbitration of disputes, so that the court should, if it does not dismiss for improper venue, stay the action pending arbitration proceedings. Mead responds that the forum selection clause is permissive, not mandatory, and that the UFA provides for equitable relief in fora other than arbitration.

1.   Forum selection clause

Garlic Jim's relies on The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), arguing that forum selection clauses are prima facie valid and should be enforced "absent some compelling and countervailing reason." Id. at 12. The party challenging a forum selection clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or overreaching." Id. at 15; see also Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)(en banc)(heavy burden of proof) and Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509 (9th Cir. 1988)(three grounds for repudiating forum selection clause are 1) clause was product of fraud or overreaching; 2) adverse party would effectively be deprived of his day in court if clause enforced; and 3) enforcement would contravene a strong public policy of the forum in which suit is brought). Garlic Jim's argues that Mead has not

OPINION AND ORDER Page 5

1  made such a showing.

2      Mead counters that the forum selection clause of the UFA is

3  permissive, not mandatory, so that it is not required to make a

4  strong showing that the clause is unreasonable or unjust. The

5  question of whether the forum selection clause is mandatory or

6  permissive is determined according to principles of contract

7  interpretation. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817

8  F.2d 75, 77 (9th Cir. 1987). The Ninth Circuit rule is that "[t]o

9  be mandatory, a clause must contain language that clearly

10  designates a forum as the exclusive one." Northern California Dist.

11  Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d

12  1034, 1037 (9th Cir. 1995).

13      In the Hunt Wesson case, the court held that a forum selection

14  clause that did not explicitly state that the forum was exclusive

15  and mandatory did not preclude some different forum. 817 F.2d at

16  77. In that case, the agreement provided:

17      Buyer and Seller expressly agree that the laws of the
       State of California shall govern the validity,
18     construction, interpretation and effect of this contract.
       The courts of California, County of Orange, shall have
19     jurisdiction over the parties in any action at law
       relating to the subject matter or the interpretation of
20     this contract.

21

22  The court held that the plain meaning of the contractual language

23  was that Orange County courts had jurisdiction over the action, but

24  not necessarily exclusive jurisdiction. 817 F.2d at 77. The court

25  noted that although the word "shall" is a mandatory term, "here it

26  mandates nothing more than that the Orange County courts have

27  jurisdiction." Id. The court continued, "Such consent to

28  OPINION AND ORDER Page 6

1  jurisdiction, however, does not mean that the same subject matter
2  cannot be litigated in any other court. In other words, the forum
3  selection clause in this case is permissive rather than mandatory."

4      In this case, the UFA does contain language requiring
5  exclusive jurisdiction and an exclusive forum. "This Agreement
6  shall be deemed to have been made and entered into in the State of
7  Washington and all rights and obligations of the parties hereto
8  shall be governed by and construed in accordance with the laws of
9  the State of Washington. Venue shall lie in the Superior Court of
10 King County, State of Washington.") Compare Docksider, Ltd. v. Sea
11 Technology, Ltd., 875 F.2d 762 (9th Cir. 1989)("venue of any action
12 brought hereunder shall be deemed to be in Gloucester County,
13 Virginia" held exclusive and mandatory); and Gagnon v. Ryerson,
14 Inc., 2007 WL 473742 at *3 (D. Or. Feb. 1, 2007)(forum selection
15 clause providing that "venue for all disputes ... including those
16 related to this Agreement, shall be with a state or federal court
17 located within Cook County, Illinois" was mandatory and established
18 exclusive venue in Cook County).

19     In the present case, the phrase governed by the word "shall,"
20 unlike the Hunt Wesson agreement, contemplates King County as an
21 exclusive forum. See, e.g., Premier Jets, Inc. v. Honeywell Int'l,
22 Inc., 2008 WL 1840753 at *2 (D. Or. April 21, 2008)("The parties
23 hereto agree that any litigation arising out of this Contract shall
24 be in Arizona" was exclusive forum clause); Milk 'N' More, Inc. v.
25 Beavert, 963 F.2d 1342 (10th Cir. 1992)(use of phrase "venue shall
26 be proper ... in Johnson County, Kansas" "strongly points to the

27

28 OPINION AND ORDER Page 7

1  state court of that county," while the use of the word "shall"

2  "generally indicates a mandatory intent.")

3       Since defendants are residents of Washington, and the venue

4  clause designates Washington, interpreting the phrase "shall be" as

5  permissive would make the clause meaningless and redundant, because

6  federal jurisdiction and venue statutes provide as a matter of law

7  that Washington is a proper venue for this action. See 28 U.S.C. §§

8  1332(a), (c) and 1391(c). As the Fourth Circuit pointed out in

9  Sterling Forest Assoc. Ltd. v. Barnett-Range Corp., 840 F.2d 249,

10 251 (4th Cir. 1988), *overruled on other grounds,* Lauro Lines v.

11 Chasser, 490 U.S. 495 (1989), because of the principle that clauses

12 knowingly incorporated into a contract should not be treated as

13 meaningless, "the only meaningful reason for including the forum

14 selection clause in the instant case was to make California

15 jurisdiction and venue exclusive." The court noted that the lawyers

16 drafting the contract knew that the word "venue" means "place of

17 suit," citing Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S.

18 165, 168 (1939) or "the locale in which a suit may properly be

19 instituted," citing Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.,

20 757 F.2d 1256, 1264 (Fed. Cir. 1985), and that the use of the word

21 "shall" generally "indicates a mandatory intent." Id.[1] See also

22

23      [1] The court cited numerous cases construing similar clauses
   as mandatory, including Intermountain Systems, Inc. v. Edsall
24 Constr. Co., 575 F. Supp. 1195, 1198 (D. Colo. 1983)("venue shall
   be in Adams County, Colorado" could not be interpreted to refer
25 both to state court of Adams County and federal district court
   for the District of Colorado); Gordonsville Indus. v. American
26 Artos Corp., 549 F. Supp. 200, 204 (W.D. Va. 1982)("the place for
   litigation shall be the [Civil Court] in Bochum, Germany"); Hoes
27 of America, Inc. v. Hoes, 493 F. Supp. 1205, 1207 (C.D. Ill.

28 OPINION AND ORDER Page 8

1  <u>Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.</u>,

2  838 F.2d 656, 659 (2d Cir. 1988)("the parties' inclusion of the

3  forum-selection clause makes little sense unless it precludes

4  removal by Koch").

5       In <u>Excell, Inc. v. Sterling Boiler & Mechanical, Inc.</u>, 106

6  F.3d 318, 321 (10th Cir. 1997), the court construed the phrase,

7  "Jurisdiction shall be in the State of Colorado, and venue shall

8  lie in the County of El Paso, Colorado" as precluding removal of

9  the case to the federal district court sitting in El Paso County:

> For federal court purposes, venue is not stated in terms
> of "counties." Rather, it is stated in terms of "judicial
> districts." See 28 U.S.C. § 1391. Because the language of
> the clause refers only to a specific county and not to a
> specific judicial district, we conclude venue is intended
> to lie only in state court.

14      Garlic Jim's argument that the forum selection clause of the

15  UFA provides for mandatory and exclusive jurisdiction in King

16  County Washington is persuasive. Mead's claims cannot be asserted

17  in this court because under the terms of the UFA, venue is improper

18  here. The motion to dismiss for improper venue (doc. # 10) is

19  granted. Because I conclude that venue is improper in the District

21  1979)("[a]ny court procedures shall be held in Bremen"); <u>Taylor

22  v. Titan Midwest Constr. Corp.</u>, 474 F. Supp. 145, 148 (N.D. Tex.
    1979)("venue shall be laid in the county where Titan has its

23  principal offices"); <u>Public Water Supply Dist. No. 1 v. American

24  Ins. Co.</u>, 471 F. Supp. 1071 (W.D. Mo. 1979)("venue shall lie in
    Mercer County, State of Missouri"); <u>Full-Sight Contact Lens Corp.

25  v. Soft Lenses, Inc.</u>, 466 F. Supp. 71, 72 n. 3 (S.D.N.Y.
    1978)("suit ... shall be brought in either San Diego or Los

26  Angeles County"); <u>General Electric Co. v. City of Tacoma</u>, 250 F.
    Supp. 125 n. 1 (W.D. Wash. 1966)("venue ... shall be in the

27  Superior Court of the State of Washington in and for the County
    of Pierce").

28  OPINION AND ORDER Page 9

1  of Oregon, it is unnecessary for me to reach the question of
2  whether this action should be stayed pending arbitration.

3      Garlic Jim's states that it has filed a complaint for
4  injunctive relief in the Superior Court of King County Washington,
5  CV 08-2-26445-9 KNT, including a motion for preliminary injunction
6  which is currently scheduled for hearing and a demand for
7  arbitration, see Mead's Amended Request for Judicial Notice, and
8  that venue is improper in this court. Because I conclude that venue
9  is improper in this court, Mead's motion for an injunction (doc. #
10 2) is denied.

11                          **Conclusion**

12     Defendants' motion to dismiss for improper venue (doc. # 10)
13 is GRANTED. Defendants' alternative motion for stay (doc. # 10) is
14 DENIED as moot. Plaintiff's motion for injunction (doc. # 2) is
15 DENIED.

16     IT IS SO ORDERED.

17              Dated this 13th day of November, 2008.

18

19                         /s/ Dennis James Hubel
                           Dennis James Hubel
20                         United States Magistrate Judge

21

22

23

24

25

26

27

28 OPINION Page 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    OPINION  Page 11